IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DAPHNE NEWMAN BOUDY**                                                       **PLAINTIFF**

v.                                      **CIVIL ACTION NO.: 5:23-cv-00030-KS-BWR**

**MCCOMB SCHOOL DISTRICT,**
**MCCOMB SCHOOL DISTRICT**
**BOARD OF TRUSTEES, and**
**JAMES HARVEY,** former Interim
Principal now Assistant Principal and
in his official capacity                                                  **DEFENDANTS**

**DEFENDANTS' COMBINED RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTION FOR DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES AND MOTION TO STRIKE AFFIRMATIVE DEFENSES**

COMES NOW, the McComb School District, McComb School District Board of Trustees, and James Harvey, in his official capacity, (collectively the Defendants) by and through undersigned counsel, and submits this Combined Response in Opposition to Plaintiff's Motion for Sanction for Defendants' Answer and Affirmative Defenses [Doc. 9] and Motion to Strike Defendants' Affirmative Defenses [Doc. 10] (referred to as the Motions).

### INTRODUCTION

Plaintiff's Motions should both be denied. The *pro se* Plaintiff is prematurely attempting to try the merits of her case through frivolous motions before any discovery, much less the telephonic conference scheduled with the Court for June 22, 2023, has even occurred. Plaintiff's Motions have spurred needless, additional legal fees for the Defendants to respond to Plaintiff's meritless attacks and has burdened the Court's finite judicial resources. Therefore, Defendants request reasonable expenses, including attorney's fees, to be awarded to them as a result of defending these Motions, should Defendants prevail.

1

## FACTS AND PROCEDURAL HISTORY

On April 24, 2023, Plaintiff filed a thirty-five-page narrative Complaint and thirty-seven exhibits against the McComb School District, the McComb School District Board of Trustees, and James Harvey, assistant principal in his official capacity. [Doc. 1] at ¶ 3; *see also* [Docs. 1-1 - 1-37]. Plaintiff's Complaint is, in her words, a "Complaint for Employment Discrimination." *Id.* at p. 1. On May 16, 2023, Defendants' filed their Answer and Affirmative Defenses. [Doc. 6]. The Answer and Affirmative Defenses denied all of Plaintiff's allegations and asserted affirmative defenses that may be applicable in an employment discrimination case, as well as affirmative defenses that may be applicable based on the unusual myriad of factual, narrative allegations Plaintiff asserts in her Complaint. *See id.*

Two days later, on May 18, 2023, Plaintiff filed a Motion for Sanctions for Defendants' Answer and Affirmative Defenses [Doc. 9] and a Motion to Strike Answer to Complaint, which also requested sanctions. [Doc. 10]. The Court entered an Order on May 18, 2023 establishing the filing deadlines for the two pending Motions. The Court advised that "the original and reply memoranda shall not exceed a combined total of thirty-five pages per motion." Defendants note that Plaintiff's principal memorandum in support of her Motion to Strike [Doc. 10] sits at 35 pages, and Defendants oppose any request for an expansion of the page limit for a reply memorandum to that Motion.

## LAW AND ARGUMENT

Plaintiff Boudy has filed three[1] frivolous motions on the heels of filing her Complaint against Defendants barely a month ago. But "[o]ne acting pro se has no license to harass others,

---

[1] Plaintiff filed a Motion to Disqualify [Doc. 13] on May 22, 2023 that Defendants will also have to respond to separately from this filing. Defendants will seek reasonable attorney's fees incurred in responding to that motion, as well.

clog the judicial machinery with meritless litigation, and abuse already overloaded court docket[s]." *Rush v. Garfield Clinic*, No. 1:19-CV-2, 2019 WL 639018, at *2 (N.D. Miss. Feb. 14, 2019) (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). Defendants request the Court deny both Motions as neither Motion have legal or factual support.

**I.      Plaintiff's Motion for Sanctions [Doc. 9] is Procedurally Improper.**

Plaintiff claims Defendants' Answer and Affirmative Defenses were filed "with intentional and blatant disregard for this Honorable Court, wasted the Court's valuable time and resources, and filed to deceive which this Court must question the credibility of Defendants and their Attorney(s) of record" and filed same to "discredit pro se disabled Plaintiff," among other things. [Doc. 9] at p. 1. Plaintiff concludes her Motion by declaring that she "understands Defendants' hatred for her and their total, blatant disregard for her civil rights, but she prays this civil litigation remains as stated: 'civil.'" *Id.* at p. 7. Defendants submit that Plaintiff improperly filing a motion for sanctions in response to Defendants' timely and proper Answer and Affirmative Defenses is the opposite of civil. Defendants adamantly deny that they have done anything improper in the least. Defendants have only filed a responsive pleading that preserves any and all potential defenses to the Complaint against them.

Plaintiff's Motion appears to revolve around affirmative defense number 3, insufficient process and insufficient service of process. [Doc. 9] at p. 3. Plaintiff's oration of purported service in her Motion makes clear that Plaintiff's attempts at service were originally unsuccessful, and tenuous at best. Thus, Defendants asserting the affirmative defense of insufficient process and service of process in light of Plaintiff's stated timeline is hardly a basis for sanctions. In any event, Defendants *actually answered* the Complaint.

But the principal reason that the Court should deny Plaintiff's Motion is that she failed to serve her Motion for Sanction on the Defendants twenty-one days *prior* to filing same with the Court, in defiance of Federal Rule of Civil Procedure 11(c)(2). Rule 11 "imposes a duty on ... pro se litigants when presenting a filing to the court to certify that the filing 'is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" *Brassfield v. Wells Fargo Bank*, No. 3:22-CV-654-KHJ-BWR, 2023 WL 3235971, at *1 (S.D. Miss. Apr. 24, 2023) (quoting *Jesus v. Lamar Co.*, No. 1:22-CV-209, 2022 WL 10668709, at *8 (S.D. Miss. Oct. 18, 2022) (quoting Fed. R. Civ. P. 11(b)(1)). The Court uses an objective standard of reasonableness to determine whether a party has filed a pleading for any improper purpose under Rule 11(b)(1). *Id.* Significantly, Rule 11's safe-harbor provision [in subsection (c)(2)] **requires a moving party to serve the motion on the party against whom it seeks sanctions 21 days before presenting the motion to the Court**. *Id.*; *See* Fed. R. Civ. P. 11(c)(2); *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 672 n.173 (S.D. Tex. 2005) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)). Specifically, Rule 11(c)(2) states a motion for sanctions "**must not be filed or be presented to the court** if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2) (emphasis added).

While Plaintiff actually cites Fed. R. Civ. P. 11(c)(2) in her Motion, [Doc. 9] at p. 3, she fails to follow its command. Plaintiff did not serve the Motion for Sanctions twenty-one days before she presented the motion to the Court. In fact, she filed the Motion a mere two days after Defendants filed their Answer and Affirmative Defenses. Because she failed to comply with Rule 11's safe-harbor provision, the Motion should be denied on its face for that reason alone. *See Smith v. St. Jude Med.*, No. 1:15-CV-263-KS-RHW, 2015 WL 9094383, at *7 (S.D. Miss.

Dec. 16, 2015) ("As Plaintiff did not comply with Federal Rule of Civil Procedure 11(c) by serving opposing party her Motion for Sanctions twenty-one (21) days before filing it with the Court, the motion is procedurally barred and will be denied."). But even if the Motion was not procedurally improper, Plaintiff has failed to meet her burden in establishing sanctions are appropriate as a result of Defendants, through counsel, filing all affirmative defenses reasonable under the circumstances and that potentially possess some basis in law or in fact at the time of filing the responsive pleading.

## II. Plaintiff's Motion to Strike Defendants' Affirmative Defenses [Doc. 10] is Meritless.

Secondly, Plaintiff's Motion to Strike is equally flawed. To begin, Plaintiff claims, with no direct citation to any authority, that the heightened pleading standards in *Twombly* and *Iqbal* apply to affirmative defenses. [Doc. 10] at p. 3. In the district courts of the Southern District of Mississippi at least, this is not so. Federal Rule of Civil Procedure 8(c) requires a defendant to plead an affirmative defense "with enough specificity or factual particularity to give plaintiff fair notice of the defense that is being advanced." *Dionisio v. S. Fin. Sys., Inc.*, No. 5:21-CV-68-DCB-LGI, 2021 WL 9099551, at *1 (S.D. Miss. Nov. 22, 2021) (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). In fact, "nearly every court in the Southern District of Mississippi" has concluded that *Twombly*'s heightened pleading standard does <u>not</u> apply to affirmative defenses, but rather, fair notice pleading standards apply.[2] *See id.*; *see also Polk v.*

---

[2]*Dionisio* explains that
>"While the Southern District of Texas has noted that the Fifth Circuit has signaled that affirmative defenses are subject to the heightened pleading standards of *Twombly* and *Iqbal*, see *J.A. Masters Invs. v. Beltramini*, No. H-20-4367, 2021 WL 1929838 (S.D. Tex. May 13, 2021), the district court acknowledged that the pleading standard as set forth in *Woodfield* has not been explicitly overruled by the Fifth Circuit. Accordingly, [the Western Division of the Southern District of Mississippi] will continue to apply the "fair notice" standard as detailed in *Woodfield*."

*Dionisio*, 2021 WL 9099551 at *1.

5

*Peraza*, No. 1:18-cv-59-HSO-JCG, 2018 WL 6729990, at *3, U.S. Dist. LEXIS 214913, at *7 (S.D. Miss. Dec. 21, 2018)). Plaintiff's legal assertions to the contrary are without merit, as is her reliance on citations to the Seventh Circuit Court of Appeals. *See* [Doc. 10] at p. 3 (exclaiming without citation that "the majority of District Courts have concluded that the pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses. . ..") and p. 33 (citing *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) to say "[a]ffirmative defenses are pleadings and, therefore, are subject to all pleading requirements."). *Heller* actually goes on to say that "defenses must set forth a "short and plain statement" of the defense, *id.*, which encompasses the "fair notice" pleading standard Mississippi district courts follow. *Dionisio*, 2021 WL 9099551.

Federal Rule of Civil Procedure 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Dionisio v. S. Fin. Sys., Inc.*, No. 5:21-CV-68-DCB-LGI, 2021 WL 9099551, at *1 (S.D. Miss. Nov. 22, 2021) (citing Fed. R. Civ. P. 12(f)). Because striking a portion of a pleading is considered a drastic remedy, these motions are disfavored and infrequently granted. *Id.* (citing *EEOC v. LHC Group, Inc.*, No.1:11-cv-355-LG-JMR, 2012 WL 3242168, at *–, 2012 U.S. Dist. LEXIS 110125, at *2–3 (S.D. Miss. Aug. 7, 2012)). When there are disputed questions of law or fact, a court will leave the sufficiency of the allegations for a determination on the merits. *Id.* (citing *Solis v. Bruister*, No. 4:10-cv-77-DPJ-FKB, 2012 WL 776028, at *7, 2012 U.S. Dist. LEXIS 30739, at *20 (S.D. Miss. Mar. 8, 2012)).

Here, Plaintiff's Motion to Strike is largely a regurgitation of the narrative allegations in her Complaint, which Defendants properly answered, denied, and defended in their responsive pleading. Therefore, the Defendants will let their Answer and Affirmative Defenses speak for

itself. Strangely, Plaintiff's repeated citations to legal authority in her Motion arguing affirmative defenses should be struck are 15 U.S.C. § 1692k and *Texidor v. E.B. Aaby's Rederi A/S*, 354 F. Supp. 306 (D.P.R. 1972). *See* [Doc. 10] at pp. 9, 23, 25, 33. *Texidor* is an admiralty and worker's compensation case out of the District Court of Puerto Rico. The case lends nothing to the arguments the Plaintiff advances because Defendants have only pleaded proper affirmative defenses and not pleaded so called "negative defenses." The affirmative defenses stricken in *Texidor* included "[t]he third party plaintiff's complaint and the plaintiff's complaint are barred because of the prescriptive statute 31 LRPA 5298[3]" and "[d]amages claimed by plaintiff are exaggerated and speculative." *Texidor*, 354 F. Supp. at 307, 309. The District Court held that that the latter defense "constitutes in reality a negative defense that is to say, a denial of responsibility, and in this sense is redundant since such a denial is contained in the third party defendants' answer to the third party complaint." *Id.* at 309. Plaintiff's bare citation and repeated reliance on this case misses the mark. Plaintiff's citation to 15 U.S.C. 1692k, a subchapter of the Fair Debt Collection Practices Act (FDCPA), is equally misplaced. Plaintiff's Complaint does not mention the FDCPA and therefore, the statute is irrelevant to this matter and has no possible relation to this controversy.

In sum, Defendants' Affirmative Defenses are proper attempts to assert or preserve any and all potential defenses without waiving any other applicable defense not known so early in the litigation process. Each defense attempts to speak to or relate to every aspect of Plaintiff's vast, largely narrative Complaint. Though Plaintiff is pro se and deserves some leeway in her filings, her Motions here are unwarranted and should be denied.

---

[3] The Court held that the equitable doctrine of laches, rather than state or local statutes of limitations, apply to maritime actions and therefore, the defense was insufficient. *Id.* at 308.

## CONCLUSION

Due to the foregoing, Defendants request the Court deny Plaintiff's Motion for Sanction [Doc. 9] and Motion to Strike [Doc. 10]. If the Defendants are to prevail, Defendants request the Court award them their reasonable expenses, including attorney's fees, incurred in defending and responding to Plaintiff's Motions, pursuant to Fed. R. Civ. P. 11(c)(2). Defendants further request all other relief the Court finds necessary and appropriate under the circumstances.

Respectfully submitted, this the 1st day of June, 2023.

>  /s/ KaShonda L. Day
>  KaShonda L. Day (MSB #103144)
>  Mary Clark Joyner (MSB #105954)
>  Adams and Reese LLP
>  1018 Highland Colony Parkway, Suite 800
>  Ridgeland, Mississippi 39157
>  (p) 601-292-0785
>  (f) 601-355-9708
>  kashonda.day@arlaw.com
>  maryclark.joyner@arlaw.com

## **CERTIFICATE OF SERVICE**

I, KaShonda L. Day, attorney for Defendants herein, do hereby certify that I have this day, *via* electronic mail and through the Court's electronic filing system, delivered a true and correct copy of the above and foregoing pleading to the Plaintiff individually, acting pro se.

Dated: June 1, 2023

>  /s/ *KaShonda L. Day*
>  *Attorney for Defendants*