IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DAPHNIE NEWMAN BOUDY**                                    **PLAINTIFF**

v.                                    CIVIL ACTION NO. 5:23-cv-00030-KS-BWR

**MCCOMB SCHOOL DISTRICT,**                                 **DEFENDANTS**
**MCCOMB SCHOOL DISTRICT**
**BOARD OF TRUSTEES, and**
**JAMES HARVEY,** former Interim
Principal now Assistant Principal and in
his official capacity

**ORDER DENYING PLAINTIFF'S MOTION [9] FOR SANCTION FOR DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES, MOTION [10] TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE, AND MOTION [28] TO RECONSIDER MOTION TO DISQUALIFY AND MOTION TO AMEND BACKGROUND SECTION IN ORDER FOR MOTION TO DISQUALIFY**

THIS MATTER is before the Court on Plaintiff Daphnie Newman Boudy's (Boudy) Motion [9] for Sanction for Defendants' Answer and Affirmative Defenses, Motion [10] to Strike Defendants' Affirmative Defense, and Motion [28] to Reconsider Motion to Disqualify and Motion to Amend Background Section in Order for Motion to Disqualify. Defendants McComb School District (MSD), McComb School District Board of Trustees (Board), and James Harvey (Harvey) filed a Response [14] to two Motions [9 & 10]. Having considered the submissions of the parties, the record, and relevant law, the Court finds that Boudy's Motions [9, 10, & 28] should be DENIED.

I.   BACKGROUND

Boudy filed suit on April 24, 2023. Compl. [1]. Defendants answered on May 16, 2023. Answer [6]. The Court now addresses each of Boudy's motions pending before it.

1

Pertinent to Motion [9], Boudy represented to this Court that she was the process server. *See* [3] at 2; [4] at 2; [5] at 2. Boudy further represented that she served Defendants via UPS. [3] at 3-5; [4] at 3-5; [5] at 3-5. Boudy served all documents on Kelsey Codding, an Administrative Assistant at MSD. [3] at 2; [4] at 2; [5] at 2.

In Motion [9] Boudy takes issue with Defendants' third affirmative defense in Defendants' Answer asserting "insufficient process and insufficient service of process." Pl.'s Mot. [9] at 2-3; Answer [6] at 1. Boudy alleges that, although she originally served process incorrectly, she corrected this error. Pl.'s Mot. [9] at 3-7. Since Boudy allegedly corrected any process-related issues, she brings this Motion [9] under Federal Rule of Civil Procedure 11(b)(1) (Fed. R. Civ. P.), arguing that Defendants' third affirmative defense is "frivolous." *Id.* at 1-3. Defendants respond by arguing that Boudy's Motion itself was improper under Fed. R. Civ. P. 11(c)(2) and, alternatively, that their third affirmative defense was reasonable. Defs.' Resp. [14] at 3-5.

In Motion [10] Boudy asks that the Court strike Defendants' affirmative defenses pursuant to Fed. R. Civ. P. 12(f) for failure to state a legal defense. Pl.'s Mot. [10] at 1. Boudy also alleges that Defendants intended to deceive the Court and "bully" Boudy through their affirmative defenses. *Id.* Defendants respond with caselaw undermining Boudy's argument and by distinguishing Boudy's cited support. Defs.' Resp. [14] at 5-7.

In Motion [28], Boudy requests that the Court reconsider Boudy's Motion [13] to Disqualify under Fed. R. Civ. P. 59(e) because opposing counsel Kashonda Day (Day) is now listed as one of Boudy's witnesses. Pl.'s Mot. [28] at 1-5. In Boudy's Motion [13] to Disqualify, she sought to disqualify Day. Pl.'s Mot. [13]. The Court denied Boudy's Motion [13] to Disqualify because it found that Day is not a "necessary witness" in this case. Order [27]. In Motion [28], Boudy also posits that the Court should amend the background section of its Order [27] denying Boudy's Motion [13] to Disqualify. *Id.* at 5-8.

## II.   DISCUSSION

### a. Boudy's Motion [9] for Sanction for Defendants' Answer and Affirmative Defenses is Denied Because Defendants' Third Affirmative Defense is not Frivolous

Fed. R. Civ. P. 11(b)(1) states:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]

Fed. R. Civ. P. 11(c) allows a district court to impose sanctions on a party if that party does not follow Fed. R. Civ. P. 11(b)(1). While it is within a district court's discretion to impose sanctions on a party under Fed. R. Civ. P. 11, "Rule 11 'was largely amended in 1993 to make it more difficult to levy sanctions.'" *Hinton v. Dick's Sporting Goods, Inc.*, No. 2:13-cv-237-KS-MTP, 2014 WL 4851283, at *6 (S.D. Miss. Sept. 29, 2014) (quoting *Webb v. LaSalle*, 537 Fed. App'x. 389, 390 (5th Cir. 2013)).

3

Boudy's Motion [9] is premised on the argument that Defendants' third affirmative defense is "frivolous." Pl.'s Mot. [9] at 1. Thus the Court turns to the merits of Defendants' third affirmative defense on insufficient service of process.

Under Fed. R. Civ. P. 4(c)(2), "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint." *Nunn v. Dickerson*, No. 1:22-cv-34-SA-DAS, 2022 WL 3271074, at *1 (N.D. Miss. Aug. 10, 2022) (emphasis added). Furthermore, Fed. R. Civ. P. 4(j) instructs that "any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law." Since MSD and its Board are "state-created governmental organization[s] subject to suit," they must be served through delivery to each organization's chief executive officer or in accordance with Mississippi State law. FED. R. CIV. P. 4(j); *see also Davis v. Bank of Am. Corp.*, No. 1:10-cv-23-HSO-JMR, 2011 WL 1302936, at *2 n.2 (S.D. Miss. Mar. 31, 2011) (noting that the Biloxi School District is a state-created governmental organization); MISS. CODE ANN. § 37-7-207 (2018).

The Mississippi Rules of Civil Procedure (Miss. R. Civ. P.) direct that school districts must be served:

> by delivering a copy of the summons and complaint to the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity. Service upon any person who is a member of the "group" or "body" responsible for the administration of the entity shall be sufficient.

4

*See* MISS. R. CIV. P. 4(d)(8); *see also Anderson v. Pascagoula Sch. Dist.*, 218 So.3d 296, 299 (Miss. Ct. App. 2017) (stating that Miss. R. Civ. P. 4(d)(8) applies to service of school districts).

Fed. R. Civ. P. 4(e) mandates that service upon an individual, like Harvey, be accomplished by following state law or by:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

For service of an in-state defendant via mail, Miss. R. Civ. P. 4(c)(3)(A) commands service "by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender."

The applicable rules and controlling caselaw dictate that Defendants' third affirmative defense is not "frivolous" and that Boudy's Motion [9] be denied. Firstly, Boudy violated Fed. R. Civ. P. 4(c)(2) as to all Defendants because Boudy, a party to the suit, served all defendants. Pl.'s Mot. [9] at 5; [3] at 2; [4] at 2; [5] at 2; *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 Fed. App'x 665, 672 (5th Cir. 2015); *Nagy v. George*, 286 Fed. App'x 135, 137 (5th Cir. 2008). Boudy has clearly run afoul of the plain language of Fed. R. Civ. P. 4(c)(2).

Secondly, Boudy potentially ran afoul of Fed. R. Civ. P. 4(j) as to MSD and its Board. Boudy did not serve the chief executive officer of MSD or its Board as Fed. R.

Civ. P. 4(j) requires and may have violated Mississippi state summons law. FED. R. CIV. P. 4(j); MISS. R. CIV. P. 4(d)(8). Boudy served all documents on Kelsey Codding, an Administrative Assistant at MSD. [3] at 2; [4] at 2. At this time, it is undiscernible whether Codding is a "person" or "officer . . . responsible for the administration of" either entity, an "appropriate legal officer," or a "person who is a member of the 'group' or 'body' responsible for the administration of the entity" as Miss. R. Civ. P. 4(d)(8) requires. *See Price v. Tunica Cnty. Sch. Dist.*, No. 4:20-cv-16-DMB-RP, 2020 WL 7081597, at *4-6 (N.D. Miss. Dec. 3, 2020).

Boudy also mailed MSD and its Board's summonses via UPS. [3]; [4]. But "[s]ervice by certified mail on an in-state defendant is 'no service at all.'" *Davis*, 2011 WL 1302936, at *2 (quoting *Triple "C" Transport, Inc. v. Dickens*, 870 So.2d 1195, 1199 (Miss. 2004)) (holding that mailing service of process to an in-state defendant school district was improper and a ground for dismissal of the plaintiff's complaint).

Next, Boudy violated Fed. R. Civ. P. 4(e) as to Harvey. Boudy did not personally serve Harvey, Harvey's appointed agent, or leave a copy of the summons at Harvey's "dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2); [5]. Nor did Boudy follow Mississippi state law on serving individuals. MISS. R. CIV. P. 4(c)(3)(A). Boudy mailed Harvey's summons to MSD. [5]. This violated Miss. R. Civ. P. 4(c)(3)(A). *Id.*; *see also Davis*, 2011 WL 1302936, at *2.

Boudy also did so via UPS, which, as a private shipping service akin to Federal Express, does not qualify as first class mail. MISS. R. CIV. P. 4(c)(3)(A) (requiring

6

service on an individual by mail to be by "first-class mail, postage prepaid"); *Prince v. Poulos*, 876 F.2d 30, 32 n.1 (5th Cir. 1989) ("Since Federal Express is not a public authority, they are not a form of 'mail.'"); *see also Audio Enters., Inc. v. B & W Loudspeakers of Am.*, 957 F.2d 406, 409 (7th Cir. 1992) ("Federal Express is not first class mail."). Boudy's attempted service via UPS does not suffice as proper service of process. Boudy has shown no authority for using a private shipping service to accomplish service of process in this case. Moreover, Boudy did not send Harvey "two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender." MISS. R. CIV. P. 4(c)(3)(A); Pl.'s Mot. [9] at 6; [5]. Boudy did not follow Federal or State law on service of an individual. FED. R. CIV. P. 4(e); Miss. R. Civ. P. 4(c)(3)(A).

In sum, Defendants' third affirmative defense is not "frivolous" as Boudy asserts. Pl.'s Mot. [9] at 1. Thus the Court will not sanction Defendants under Fed. R. Civ. P. 11.

**b. Boudy's Motion [10] to Strike Defendants' Affirmative Defense is Denied Because it Lacks Legal Support**

Motions to strike fall under Fed. R. Civ. P. 12(f), which states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A Rule 12(f) motion serves to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. 4:09-cv-2582-JHR, 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

7

*grounds*, 510 U.S. 517 (1994)). But "[m]otions to strike defenses are generally disfavored and rarely granted." *Solis v. Bruister*, No. 4:10-cv-77-DPJ-FKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) (quoting *Bertoniere v. First Mark Homes, Inc.*, No. 2:09-cv-156-DCB-MTP, 2010 WL 729931, at *1 (S.D. Miss. Feb. 25, 2010)). "Although Rule 12 provides that district courts may strike defenses or other matters from pleadings under certain circumstances, this discretion should be exercised sparingly because striking a defense is such a 'drastic remedy.'" *E.E.O.C. v. LHC Grp. Inc.*, No. 1:11-cv-355-LG-JMR, 2012 WL 3242168, at *1 (S.D. Miss. Aug. 7, 2012) (quoting *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 680 F. Supp. 2d 780, 788 (E.D. La. 2010)).

Nearly every court in this District to have considered whether *Bell Atl. Corp. v. Twombly*'s heightened pleading standard applies to affirmative defenses has concluded that it does not. 550 U.S. 544 (2007); *see, e.g.*, *Wilkerson v. Johnson Controls, Inc.*, No. 3:17-cv-853-DPJ-FKB, 2018 WL 4237989, at *2 n.3 (S.D. Miss. Sept. 5, 2018) (collecting recent cases within the Fifth Circuit applying notice pleading). Moreover, the Fifth Circuit held in *Woodfield v. Bowman* that affirmative defenses must be pled "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." 193 F.3d 354, 362 (5th Cir. 1999). The court further stated that an "affirmative defense is subject to the same pleading requirements as is the complaint." *Id. Woodfield*, however, was decided before *Twombly* redefined fair notice as it applies to complaints. *See id.*; *Twombly*, 550 U.S. at 555.

Even after *Twombly*, the Fifth Circuit continues to cite *Woodfield*'s notice pleading standard when addressing affirmative defenses. *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) ("A defendant must plead with 'enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced.'") (quoting *Rogers v. McDorman*, 521 F.3d 381, 385-86 (5th Cir. 2008)). Because the text of Fed. R. Civ. P. 8(a), (b), and (c), sets forth different pleading standards for claims and defenses, and because *Woodfield* remains the law, a defendant must "plead an affirmative defense with enough particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield*, 193 F.3d at 362 (citation omitted); FED. R. CIV. P. 8(a)-(c). Accordingly, although the Fifth Circuit has not addressed the issue recently, the appropriate standard in the Fifth Circuit remains that a defendant need only sufficiently articulate a defense "so that the plaintiff [is] not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362. "In addition, a motion to strike generally should not be granted unless the moving party demonstrates that it would be otherwise prejudiced." *Polk v. Peraza*, No. 1:18-cv-59-HSO-JCG, 2018 WL 6729990, at *3 (S.D. Miss. Dec. 21, 2018) (first citing *Wilkerson*, 2018 WL 4237989, at *1; then citing *LHC Grp. Inc.*, 2012 WL 3242168, at *1; and then citing Fed. Prac. & Proc. § 1381, at 421-22).

In Boudy's Motion [10], Boudy argues that the heightened pleading standard announced in *Iqbal* and *Twombly* is applicable to affirmative defenses. Pl.'s Mot. [10]. She argues that Defendants' affirmative defenses one, two, and four through forty-nine (all except affirmative defense three) are "bare statements reciting mere legal

9

conclusions" and that they "may not be sufficient and must put a plaintiff on notice of the underlying factual bases of the defenses." Pl.'s Mot. [10] at 2-4, 8-34. The Court finds that Defendants' affirmative defenses meet the fair notice standard articulated by the Fifth Circuit in *Woodfield*. *See* 521 F.3d at 362. The Court cannot say that Defendants have not provided Plaintiff fair notice of the affirmative defenses. Even assuming they are insufficiently pled, Boudy has not shown prejudice. *Polk*, 2018 WL 6729990, at *3-4.

Boudy's only legal support comes from *Texidor v. E.B. Aaby's Rederi A/S*, 354 F. Supp. 306, 307 (D.P.R. 1972), a case from the United States District Court for the District of Puerto Rico, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989), a Seventh Circuit Court of Appeals case, and 15 U.S.C. § 1692k. "Decisions issued by other circuits . . . are not binding on this court." *Avelar-Oliva v. Barr*, 954 F.3d 757, 765 (5th Cir. 2020) (citing *United States v. Penaloza-Carlon*, 842 F.3d 863, 864 & n.1 (5th Cir. 2016)). *Texidor* and *Heller Fin., Inc.* are therefore unpersuasive where Fifth Circuit caselaw contradicts both cases. 15 U.S.C. § 1692k is also inapposite as that statute governs "debt collector[s]" and is a part of the Fair Debt Collection Practices Act, which is irrelevant to Boudy's suit.

As for Defendants' third affirmative defense, Boudy essentially re-urges her position in her Motion [9]. As previously discussed, this Court rejects Boudy's challenges to Defendants' third affirmative defense. *See supra* pp. 3-7.

### c. Boudy's Motion [28] to Reconsider Motion to Disqualify and Motion to Amend Background Section in Order for Motion to Disqualify is Denied Because it Lacks Legal Support

The Fed. R. Civ. P. do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior order as either a motion "to alter or amend" under Fed. R. Civ. P. 59(e) or a motion for "relief from judgment" under Fed. R. Civ. P. 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based on timing. If the motion is filed within 28 days of the order, then it falls under Fed. R. Civ. P. 59(e). *Id.* However, if the motion is filed more than 28 days after the judgment, it is governed by Fed. R. Civ. P. 60(b). *Id.* In the present case, Boudy's motion for reconsideration was filed on July 10, 2023, which is less than 28 days after the July 7, 2023 Order [27] denying Boudy's Motion [13] to Disqualify. As a result, Boudy's Motion [28] to Reconsider is analyzed under the Fed. R. Civ. P. 59(e) standard. *Wesco Ins. Co. v. Rich*, No. 1:20-cv-305-LG-RPM, 2022 WL 1438609, at *2 (S.D. Miss. May 3, 2022), *aff'd*, No. 22-60283, 2023 WL 166418 (5th Cir. Jan. 12, 2023).

A motion under Fed. R. Civ. P. 59(e) "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A court may amend a judgment "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). The Fifth Circuit has cautioned that

"[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

None of the permissible grounds for reconsideration are present here. Boudy only attempts to address the court's reasons for why her motion was denied. Pl.'s Mot. [28] at 1-5. But as the Court has already explained in its prior Order [27], Boudy cannot show that Day will be a "necessary witness" at trial, regardless of whether Boudy intends to call Day as a witness at trial or whether Boudy has served a subpoena related to Day on MSD. Order [27]; Pl.'s Mot. [28] at 2-3.

There is also no reason to amend the background section in this Court's prior Order [27]. Order [27] at 1-2. The background section in that particular Order [27] merely operates as a summary of allegations and *not* as a finding of facts.

### III. CONCLUSION

The Court hereby *sua sponte* warns Boudy against filing frivolous motions similar to Motions [9] and [10]. The filing of additional frivolous or otherwise unsupportable motions may result in sanctions. *O'Hara v. Travelers*, No. 2:11-cv-208-KS-MTP, 2012 WL 12884578, at *1 (S.D. Miss. June 18, 2012) ("The Court warns Plaintiff that the filing of additional frivolous motions may result in sanctions."); *Ramsey v. Mgmt. Training & Corp.*, No. 5:20-cv-170-DCB-MTP, 2021 WL 6618492, at *2 (S.D. Miss. Oct. 14, 2021).

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [9] for Sanction for Defendants' Answer and Affirmative Defenses, Motion [10] to Strike Defendants' Affirmative Defense, and Motion [28] to Reconsider Motion to Disqualify and Motion to Amend Background Section in Order for Motion to Disqualify are **DENIED**.

**SO ORDERED,** this the 27th day of July, 2023.

*s/* *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE