IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DAPHNIE NEWMAN**                                                                                    **PLAINTIFF**
**BOUDY**

**V.**

                                                                          **CIVIL ACTION NO. 5:23-cv-30-KS-BWR**

**MCCOMB SCHOOL**
**DISTRICT, et al.**                                                                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

### I.       BACKGROUND

This cause comes before the Court on Defendants' 12(b)(5) Motion to Dismiss Plaintiff's

Complaint for Insufficient Service of Process [46] filed on behalf of McComb School District, McComb

School District Board of Trustees, and James Harvey, in his official capacity. Plaintiff has filed a Response

[49]. Defendant has not filed a Reply. Accordingly, having reviewed the parties' submissions, the relevant

rules and legal authorities, and otherwise being duly advised in the premises, for the reasons set forth

herein, the Court finds that Defendants' motion is denied as moot.

**A. Facts**

This case is an employment related action where Plaintiff alleges violation of her civil rights,

unlawful employment practices, discrimination, harassment, and retaliation. [1] at p. 1. Plaintiff, acting

pro se, filed her Complaint in April 2023, and summonses for McComb School District, McComb School

District Board of Trustees, and James Harvey ("Defendants") were returned executed a day later. *See* [3],

[4], [5]. Plaintiff represented to the Court she personally served the Defendants via UPS. [3] at p. 2, [4] at

p. 2, [5] at p. 2. Defendants filed their Answer [6] in May 2023.

On August 8th, Plaintiff filed a motion [41] asking the Court for additional time to perfect service of process on all Defendants. In the motion, Plaintiff admits she "insufficiently served Defendants." [41] at p. 1; *see also* [35], [42] at ¶ 1, [56] at p. 4. On August 21st, Defendants filed their first Motion to Dismiss [46] at issue here. In its Order [56] in September, the Court noted "[a]s of the date that this Order is issued, Boudy still has not perfected service."[1] [56] at p. 4. The Court then granted Plaintiff's Motion to Reissue Summons and Extend Time for Service [41] and gave Plaintiff until October 20 to perfect service of process on Defendants. *Id.* The Court explained that by not perfecting service in time, Plaintiff violated Federal Rule of Civil Procedure 4(m), but the rule "does not permit the Court to dismiss a Complaint for untimely service until the Court notices the plaintiff. Given this, and the fact that Defendants had notice of this suit already and submitted to the Court's jurisdiction, the Court will allow [Plaintiff] extra time to perfect service on Defendants." *Id.* Shortly after the Court's Order [56], two attorneys made an appearance on Plaintiff's behalf. [59], [60]. The summonses for all three defendants were reissued on October 12. [70]. Summonses for McComb School District and McComb School District Board of Trustees were returned executed on December 21. [74], [75]. Although Defendants have filed a second Motion to Dismiss [76], this Order is limited to the first Motion to Dismiss [46].

## II.    DISCUSSION

"In the absence of valid service of process, proceedings against a party are void." *Johnson v. MedStat EMS*, No. 416CV00078DMBJMV, 2016 WL 7339828, at *4 (N.D. Miss. Dec. 16, 2016) (quoting *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Id.* Federal Rule of Civil Procedure 4(c)(2) provides "Any person who is at least

---

[1] Even without proper service, Defendants answered Plaintiff's Complaint, responded to several of Plaintiff's motions, had counsel make appearances in the case, participated in two telephonic conferences, and filed a motion to dismiss. [6], [14], [15], [45], [46], [56] at p. 3-4.

18 years old and not a party may serve a summons and complaint." Mississippi Rule of Civil Procedure 4(c)(1) provides "A summons and complaint shall, except [for service by sheriff or publication] be served by any person who is not a party and is not less than 18 years of age." "If a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Defendants filed this motion on September 21, 2023 and only address Plaintiff's first attempt at service of process. *See* [46], [47], [3], [4], [5]. Prior to the motion to dismiss, Plaintiff filed a motion [41] for additional time to perfect service of process on all Defendants. It is undisputed that Plaintiff's first attempt at service of process was improper. [41] at p. 1, [35] at p. 5-7, [42] at ¶ 1, [56] at p. 4. After Plaintiff's motion for additional time to perfect service and Defendants' motion to dismiss, the Court granted Plaintiff an additional 30 days, until October 20 to perfect service of process on Defendants. [56] at p. 4. Because Defendants' motion to dismiss argues for dismissal based solely on Plaintiff's first attempt at service of process and the Court subsequently granted additional time to perfect service, the motion to dismiss is moot.

### III.    CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion to Dismiss [46] is **DENIED** as moot. All claims against Defendants remain.

SO ORDERED AND ADJUDGED this 23rd day of January 2024.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE