UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
May 30 2024
Arthur Johnston, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DAPHNIE NEWMAN BOUDY**                                          **PLAINTIFF**

v.                                          CIVIL ACTION NO.   5:23-cv-30-KS-BWR

**MCCOMB SCHOOL DISTRICT,**                                       **DEFENDANTS**
**MCCOMB SCHOOL DISTRICT**
**TRUSTEES, And JAMES HARVEY,**
**FORMER INTERIM PRINCIPAL**
**AND NOW ASSISTANT PRINCIPAL**
**AND IN HIS OFFICIAL CAPACITY**

## ORDER

THIS CAUSE IS before the Court *sua sponte* following the Court's review of certain pleadings filed by the Plaintiff. Up until this time, Magistrate Judge Brad Rath has done most of the judicial work on this case.   However, several issues have come up that required discussion of the undersigned with Judge Rath and concerns have arisen by both of us concerning the mental status of Plaintiff and the validity of the outcome, if Plaintiff is determined or claims to be incompetent.

A pleading was filed by the Plaintiff on March 28, 2024, [Dkt.99] Plaintiff's Reply. Plaintiff starts as follows:

> With assistance from the Federal Pro Se Help Desk with preparing this reply, Plaintiff, Daphnie Newman Boudy, who has a disability and suffers with severe, chronic mental illness, respectfully reply(sic) to Defendants' Opposition to Plaintiff's Motion to Reconsider the Court's Final Judgement [90], [91].[1]

Additionally, Plaintiff filed [102] Plaintiff's Motion to Appoint Counsel pursuant to 42 U.S.C.

---

[1] Emphasis the Court's

1

§2000e-5(f)(1) and Motion to Stay Proceedings [102].

The Plaintiff begins this pleading by stating:

> With assistance from the Federal Pro Se Help Desk with preparing this motion, Plaintiff, Daphnie Newman Boudy who has a disability and suffers with severe, chronic mental illness, respectfully moves the Court with her resubmitted Motion to Appoint Counsel pursuant to 42 U.S.C §2000 e-5(f)(1) to eliminate possible "frivolous" motions being filed due to her relapse, chronic and severe mental illness caused by Defendants.[2]

Also, on June 23, 2023, Plaintiff filed a pleading [Dkt. 20] regarding Case Management Order 6(f):

> Plaintiff did not agree to CMO 6(f):
> The parties have agreed that Defendant may obtain a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of Plaintiff (within subpoena range of the Court) by a physician who has not examined the Plaintiff, and that Defendants may arrange without further order from the Court. The examination must be completed in time to comply with expert designation, discovery deadlines.
>
> 5. During the TCMC June 22, 2023, Judge Rath explained to Plaintiff that Defendants can request a medical examination due to her claims. Plaintiff did not oppose a medical examination stating "I don't have a problem with a medical exam". Plaintiff agrees with Defendants' medical exam, but only with further orders from the Court. [Dkt. 20, p. 2].[3]

Plaintiff continues in most of her pleadings to claim her disability and that she suffers from chronic mental illness. The Court has considered statements made by the Plaintiff in various pleadings, and it is apparent that Plaintiff is claiming an ongoing disability and chronic mental illness. She also appears to be concerned about her filing or Defendants' filing of frivolous "motions" because of her relapse, chronic and severe mental illness caused by the Defendants [Dkt. 102]. The Court has also reviewed her function report [Dkt. 48-6]. In the

---

[2] Emphasis the Court's
[3] Emphasis the Court's

function report, <u>she graphically describes the difficulties that she has with life and getting along taking care of herself and additionally describes some of her mental health problems</u>.

This Court has considered the statements made by Plaintiff in various pleadings and it is apparent from the pleadings that <u>Plaintiff is claiming an ongoing disability and severe and chronic mental illness</u>.

While at one time, Plaintiff was represented by two attorneys, that representation has ceased, and Plaintiff is proceeding pro se. She has previously requested the Court appoint an attorney for her and the request has been denied. In order for the Court to proceed with the litigation of this case, the Court must be satisfied that the pro se Plaintiff is mentally competent to shepherd her litigation and adequately represent herself. The Court finds that Plaintiff's mental competence is in controversy and good cause exists for a mental evaluation under L.U. Civ. P. 35 to determine the Plaintiff's mental capacity to understand the nature of her lawsuit, and to represent herself adequately. Therefore, the Court finds that this proceeding should be <u>stayed, except for defendants' filing their answers to the recently served complaint</u> until such time as the Plaintiff's mental competence issue is resolved.

Therefore, the Court orders that an examination be done of the Plaintiff by a licensed, forensic psychologist or psychiatrist within thirty-five (35) days of the date of this order. The examining physician or psychologist shall be one who has not seen Plaintiff before. All costs of the examination will be borne by the Plaintiff. The Plaintiff and Defendants are directed to consult with one another within five (5) days of this order and determine if the examining psychologist or psychiatrist can be agreed upon by both sides. If that is the case, then the person agreed upon will do the evaluation. If the parties cannot agree upon the evaluating psychologist

3

or psychiatrist, then both sides shall submit a list of three (3) licensed forensic psychologists or psychiatrists who have not seen Ms. Boudy before and provide the Court with the qualifications and resume of each doctor's experience and training. The Court will then review all the proposed doctors' qualifications and appoint one to conduct the competency evaluation.

Following the examination, the forensic psychologist or psychiatrist performing the examination, shall furnish the Court with the report, under seal, and viewable by the Court only, addressing Plaintiff's competency to proceed with this litigation. The report shall be filed within forty-five (45) days of the date of this order. Once the report is filed under seal, the Court will make determinations based on the report. If any party disagrees with the finding of the Court and seeks to review the report of the forensic psychologist or psychiatrist, that party may file a motion requesting authority to do so. At this time, all existing deadlines are stayed to be reset after the Court concludes that Plaintiff is incompetent to proceed or is competent to proceed, representing herself.

The Clerk of Court is hereby ordered to stay this case until further notice.

SO ORDERED this the   30th   day of May 2024.

                                            /s/Keith Starrett
                                      KEITH STARRETT
                                      SENIOR UNITED STATES DISTRICT JUDGE