IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN -3 2024
ARTHUR JOHNSTON
BY_____ DEPUTY

DAPHNIE NEWMAN BOUDY                                        PLAINTIFF

V.                                      CIVIL ACTION NO. 5:23-cv-30-KS-BWR

MCCOMB SCHOOL
DISTRICT, et al.                                            DEFENDANTS

Plaintiff's Response to Order Staying Case [114]

With help from the Federal Pro Se Clinic to prepare this Response, Plaintiff is unable to comply with Order Staying Case [114]. Due to Plaintiff's Health (Exhibit 1), mental health (Exhibit 1), changes in medication management and Adjustments (Exhibit 1), monthly fixed income of $1,000.00 from Social Security Disability income (Exhibit 2), severe anxiety, pending motion to Appoint Counsel and pending Motions to Disqualify Plaintiff is unable to comply with Order Staying Case [114].

Plaintiff is a competent witness, competent to understand these legal proceedings and her

(1)

case, retained and assisted Her former Attorneys with Her case while still having the same chronic and severe mental illness. Plaintiff suffered with mental illness before Her Employment with the McComb School District, which is why they approved Her Reasonable Accommodations and ADA Accommodations of working with small groups of students, etc.

When Plaintiff filed Her Complaint for Employment Discrimination on April 24, 2023, she still suffered with the same chronic and severe mental illness, which she attached as Exhibits to Her Complaint and provided to Defendants which allowed them to approve Her Reasonable Accommodations and ADA accommodations while she was Employed with them from October 2021 - January 2023.

<u>Plaintiff is competent as a witness, competent to understand these legal proceedings and her case as she Recently consulted with</u>

(2)

Attorneys/Law firms Robert Thompson, III, Warren Martin, Cliff Jefferis, Catherine Vesser, Grant Legal Group, Comich, Simmons + Brown and Espy Law Firm from February 8, 2024 - May 21, 2024 to retain their services. All Attorneys/Law firms Declined to Accept Plaintiff case due to Her Attorneys withdrawal (Exhibit 3).

(8/22/2023) The Court Denied Plaintiff's Motion to Appoint Counsel while pro se. After the Court Dismissed Plaintiff's Case on March 11, 2024 for Insufficient Service of Process, Plaintiff filed a Motion to Reconsider. In Her (4) Motions After Her case was Dismissed, Plaintiff Did Her Best to Emphasize & inform the Court that She Needed Assistance from an Attorney. From March 12, 2024 - May 22, 2024, Plaintiff noted she recieves help from the Federal Pro Se Clinic with preparing simple motions and that she suffers with chronic and severe mental illness in all of Her Motions hoping the Court would Amend its Order and grant Plaintiff appointment of Counsel or Do a sua sponte order granting Plaintiff Appointment of Counsel (Similar to Judge Starrett's sua sponte Order Staying Case [114]). ③

Unfortunately a sua sponte order or amended order granting Plaintiff appointment of Counsel Never occurred, eventhough the Court noted Plaintiff constant statements of her mental illness, "frivilous" motion, etc. Since the Court emphasized plaintiff filing "frivolous" motions, In Plaintiff's second motion to Appoint Counsel, she merely quoted what the Court stated that Defendants will be prejudice by Plaintiff because she files "frivolous" motions [100].

Plaintiff prayed the Court would have granted her Second motion to Appoint Counsel Because she Does not wish to file "frivilous" motions or give the appearance that she files "frivilous" motions, which would Be equitable and fair to Both parties and the Court.

Even though Plaintiff is a competent witness, Competent to understand these legal proceedings, and Her case, she is NOT competent to represent Herself in these proceedings and cannot proceed as pro se, which is why she filed Her motion to Appoint Counsel on August

④

22, 2023 and again on May 8, 2024 attaching medical evidence showing her severe anxiety and constant changes in medication management + her voluntary psychiatric hospitalization (Exhibit 4) on Sept 29, 2023 for a five day reevaluation and medication readjustment, Due to her December 2022 mental Health Relapse Health caused by Defendants.

Defendants had an opportunity to have Plaintiff evaluated by their own medical expert from June 22, 2023 - December 1, 2023 (Exhibit 4) But has failed to Do So. The Order Staying Case [114]. Does not focus on the extent or Exacerbation of Plaintiff's mental Health relapse, how she is Affected, her daily activities, side effects of her medication, etc. The focus of the Order Staying Case is to Determine if Plaintiff is competent to continue as pro se or incompetent to understand these legal proceedings, which is blantantly bias, ⑤

impartial and prejudice to Plaintiff (Exhibit 5 SSA-3373 Function Report Dated August 14, 2023).

Wherefore, Plaintiff prays the Court Accepts plaintiff's response as she is unable to comply with the Stay Order [114] Due to Judge Ruth ruled on June 22, 2023 (Case Management Order/Conference) that Plaintiff's mental Health was Already in controversy and ordered Defendants to complete a mental Health Evaluation By their designated Expert witness by December 1, 2023, in which Defendants failed to do even after the deadline was Extended for both parties [68] in a text only order by Judge Ruth on October 31, 2023.

6

At that time, Plaintiff was represented by counsel and Defendants had from June 22, 2023 - December 1, 2023 to examine Plaintiff (Exhibit 4), again failing to do so. Especially when Plaintiff was already represented by counsel and this process would have been easier on both parties. Plaintiff is incompetent to understand the technical, medical and legal terms/requirements to comply with Order as this further demonstrates the Courts blantant, prejudice, impartial, and bias nature towards Plaintiff. Plaintiff case was Dismissed on March 11, 2024 and (due to her health) she

⑦

Reluctantly filed her Notice of Appeal and Motion for Reconsideration on March 12, 2024 in efforts to save her case, in which she was forced to file (4) four post judgment motions pro se. Plaintiff has Always recieved help preparing pleadings/motions since the Commencement of this Suit on April 24, 2023. Plaintiff is also unable to comply with the Stay Order, continue pro se, and/or represent herself in these proceedings Due to the skills needed, legal knowledge and Expertise, and technical medical and legal training needed to manuever these complicated

(8)

legal/medical questioning, process and system, which plaintiff lacks because she is not a medical Doctor, attorney, has mental illness (sever anxiety and constant changes in medication management) (Exhibit 2).

Respectfully Submitted:

[signature]

111 Oak St
McComb MS 39648
985.285.8712

9

Case 5:23-cv-00030-DCB-BWR    Document 115    Filed 06/03/24    Page 10 of 10

**Certificate of Service**

I, Daphnie Newman Boudy, certify that a copy of the foregoing pleading has been served on all parties and attorneys of record in this suit by through EFC filing, emailing and/or placing same in USPS mail postage prepaid to their addresses, on file this 3 day of _____ June _____ 2024.

_____
**Daphnie Newman Boudy**
**111 Oak Street**
**McComb, Mississippi 39648**
**Ph: 985.285.8712**
**Email: daphnieboudy@outlook.com**