IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DAPHNIE NEWMAN BOUDY**                                                                                           **PLAINTIFF**

**V.**                                                                              **CIVIL ACTION NO. 5:23-cv-30-KS-BWR**

**MCCOMB SCHOOL DISTRICT, et al.**                                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

### I.   BACKGROUND

This cause comes before the Court on Plaintiff's Motion to Disqualify Senior United States District Judge Keith Starrett Pursuant to 28 U.S.C. Sections 144 & 455 & M.R.C. & CNTY. CT. 1.15, [110], and an accompanying memorandum, [111]. Accordingly, having reviewed the parties' submissions, the relevant rules and legal authorities, and otherwise being duly advised in the premises, for the reasons set forth herein, the Court finds that Plaintiff's motion is not well taken and is denied.

This case is an employment related action where Plaintiff alleges violation of her civil rights, unlawful employment practices, discrimination, harassment, and retaliation. [1] at p. 1. Plaintiff filed her Complaint in April 2023. Plaintiff is currently acting pro se. On May 22, 2024, Plaintiff filed her Motion to Disqualify [110] at issue here. No response or reply was filed.

### II.   DISCUSSION

28 U.S.C. § 144 provides,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a

personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 455 provides,

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding…

The Court has considered Plaintiff's motion but finds that Plaintiff has not sufficiently shown any reason for disqualification.

### III. CONCLUSION

The motion of Plaintiff, Daphnie Newman Boudy, for an order disqualifying Judge Keith Starrett from sitting in this case and adjudicating the merits came on to be heard by the Court, with Plaintiff acting pro se; and the matter having been fully heard and submitted; and it appearing that good cause does not exist for issuance of the requested order, in that Plaintiff has not sufficiently shown any reason for disqualification of Judge Keith Starrett in this case.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Disqualify [110] is **DENIED.**

SO ORDERED AND ADJUDGED this 9th day of July 2024.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE