IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DAPHNIE NEWMAN BOUDY**                                                                          **PLAINTIFF**

v.                                                                 CIVIL ACTION NO.   5:23-cv-30-KS-BWR

**MCCOMB SCHOOL DISTRICT,**                                                                    **DEFENDANTS**
**MCCOMB SCHOOL DISTRICT BOARD OF**
**TRUSTEES, & JAMES HARVEY, FORMER**
**INTERIM PRINCIPAL NOW ASSISTANT**
**PRINCIPAL AND IN HIS OFFICIAL CAPACITY**

**ORDER**

THIS CAUSE IS before the Court on Order to Show Cause [122], entered by the Court on June 27, 2024. The order directed the Plaintiff to be and appear before the Court for a show cause hearing on July 10, 2024, at 1:00 P.M. in Courtroom 1, Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS.   The order was entered by Senior District Judge Keith Starrett, the District Judge assigned to this case.   On May 30, 2024, the Court entered an order *sua sponte* [114] ordering that this case be stayed because of concerns the Court had regarding the mental competency of the plaintiff, Daphnie Newman Boudy.   The Court ordered that Ms. Boudy be examined by a licensed forensic psychologist or psychiatrist within thirty-five days of the order. The order further provided for costs and the process for deciding who the psychologist or psychiatrist would be. The Court was to receive a copy of the evaluation, per the terms of the Order [114].

Ms. Boudy refused to comply with the order in spite of the fact that the other two attorneys representing the Defendants notified her that they were ready to proceed and comply with the Court's order. On June 11, 2024, a telephonic conference was set and the parties were

instructed to follow the call-in instructions. This Notice was entered on CMECF to which Ms. Boudy and all attorneys have access. Additionally, the parties were sent emails by the undersigned judge's chambers. Ms. Boudy sent an automatic reply. The attorney for the Defendants, Ms. Joyner, responded with her availability but Ms. Boudy did not respond. A voicemail was left by the Courtroom Deputy for Ms. Boudy on June 11, and on June 12. The Status Conference was held with Mary Clark Joyner, Attorney for Defendants, participating but Ms. Boudy did not respond nor participate in the call.

On June 12, 2024, the Court entered a Show Cause Order [120], setting a hearing on June 18, 2024, 1:00 P.M., Courtroom 1, Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS, before the undersigned Senior District Judge. *See [Dkt. 120]*.

Beginning on June 11, 2024, the Court made numerous efforts to contact Ms. Boudy and move the case forward but she did not respond other than to send copies of irrelevant documents by email or by sending automatic replies.

On a later date, Ms. Boudy had a conference with the Courtroom Deputy for the undersigned, Ms. Katherine Santiago, and strongly argued that she had been attempting to contact the Chambers of the undersigned. She did send some documentation indicating that she knew that FedEx had been trying to deliver a package and she had also made phone calls to the office of the undersigned. However, Document [124] contained copies of documents which indicated that FedEx had attempted to make a delivery of notice. Included were notes of different phone calls which were made. June 17, 2024, Plaintiff placed a call at 5:05 P.M. for 42 seconds; 9:30 A.M. for three (3) seconds; and June 13, at 6:49 A.M. for thirty-nine seconds. It is clear to the Court that Ms. Boudy had no intention of contacting this office since the attempts were made

2

either before or after hours, lasting only three seconds. This clearly indicates to the Court that Ms. Boudy is attempting to establish a false paper trail showing that she was attempting to contact this office and respond to the attempts to contact her. In the phone call with Ms. Santiago, Ms. Boudy argued over and over that she had many times attempted to contact this office and it indicates to this Court that she was attempting to perpetrate a fraud on this Court, claiming that she had responded as directed, when in fact, she had not. *See document [124- 1-4]*. On June 27, 2024, this Court set a show cause hearing [122], directing Ms. Boudy to be and appear before the undersigned judge on July 10, 1:00 P.M. in Courtroom 1, Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS. Also, mail properly addressed to Ms. Boudy was returned as undeliverable. Also, the FedEx notes state that three attempts were made to deliver notice and they were unsuccessful. [Dkt. 123]. Also, note the picture of the FedEx delivery man, standing outside Ms. Boudy's door, attempting to deliver a package and leaving a note. [Dkt. 124-4].

      The show cause hearing was conducted on July 10, beginning on 1:00 P.M. in Courtroom 1, Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS. Ms. Boudy made no response to the order other than the phone conversation with Ms. Santiago, indicating that she would not attend. In fact, Ms. Boudy did not show up for the hearing although the Defendants' attorneys, Ms. Joyner and Ms. Day appeared in person at 1:00 P.M. The Courthouse was searched for Ms. Boudy by court security and she was not to be found. The Court made a record on the absence of Ms. Boudy and the fact that she could not be found in the Courthouse by the Court Security Officer. The Show Cause Order was to deal with failure of Ms. Boudy to follow the order of the Court directing the competency examination and other responses or non-responses to the Court's

orders.

After reviewing all of the documentation, and the efforts made by the Court to accomplish a show cause hearing, the Court finds that Daphnie Newman Boudy, showed contempt for this Court, failed to respond to the orders of this Court and even attempted to create a false paper trail, indicating that she was responding to the orders of this Court. The Court finds that Ms. Boudy contemptuously dealt with this Court, ignored the orders of this Court, caused attorneys for the Defendants to travel to Hattiesburg for the hearing, and Ms. Boudy further made it clear to the Court that she had no intention of complying with the orders of the Court. Ms. Boudy had been presented with the opportunity to proceed pro se and her actions indicated that she anticipated doing exactly what she wanted, irrespective of what the Court ordered. She caused significant loss of Court resources dealing with her contemptuous actions of failing to respond to the Court and causing Defendants to expend significant sums of money to respond to the Court.   This Court finds that the actions of Ms. Boudy are worthy of sanctions. This Court has been dealing with Ms. Boudy for well over a year and for the first year were through Magistrate Judge Bradley Rath, who showed the patience of Job in dealing with Ms. Boudy, as indicated by the documents in the record. The undersigned judge became actively involved with the case when the Motion to Dismiss was filed. Ms. Boudy continued to show contempt for this Court, refused to respond appropriately or communicate with the Court and failed to comply with the orders that she was fully aware of and simply thought that she could do as she pleased, irrespective of the orders of this Court.

This Court finds that Ms. Boudy should be sanctioned for her actions and this case should be dismissed with prejudice, with all costs to be assessed to Ms. Boudy. The Court further finds

that Ms. Boudy should be sanctioned for her causing the attorneys for the Defendants to waste time and resources in attending hearings that Ms. Boudy refused to attend and that Ms. Boudy is ordered and directed to reimburse the attorneys for the Defendants, for their itemized costs and attorneys' fees, and expenses in the amount of   $833.46 as indicated in pleading submitted by the attorneys for the Defendants [Dkt. 135, p.11].

The undersigned has been on the bench for well over thirty years and has handled thousands of cases, both in State and Federal Courts and has never seen a clearer case of a party ignoring the Court's orders, showing contempt for the Court and causing waste of judicial resources and other parties' time and money.

Now, therefore, it is thereby ordered that the above-styled and numbered cause, be and the same, is hereby dismissed with prejudice, with all costs assessed to Daphnie Newman Boudy and Daphnie Boudy is sanctioned for her actions pursuant to FRCP 41(b).   Plaintiff is to reimburse Defendants for their attorneys' fees and costs in the amount of $833.46, for the Show Cause Hearing to which Ms. Boudy contemptuously refused to attend.   A Rule 58 Judgment will follow.

SO ORDERED and adjudged, this the 30th day of July 2024.

/s/Keith Starrett
KEITH STARRETT
SENIOR UNITED STATES DISTRICT JUDGE